AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>2020 GMC Sierra, VIN ending in -8982,<br>Arizona Plate AZGUNZ<br>**(Subject Vehicle A-3)** | Case No. 22-3040MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  3-16-22  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3-2-22 @ 11:48 a.m.      *M Morrissey*
                                            *Judge's signature*

City and state: Phoenix, Arizona           Honorable Michael T. Morrissey, U.S. Magistrate Judge
                                            *Printed name and title*

## ATTACHMENT A-3

### Property to Be Searched

The property to be searched is a silver 2020 GMC Sierra Denali, VIN ending in -8982, Arizona Plate AZGUNZ (**Subject Vehicle A-3**). **Subject Vehicle A-3** is registered to COURY at 9648 E. Lobo Avenue, Mesa, Arizona 85209.



## **ATTACHMENT B**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 924(a)(1)(A) (False Statements During the Acquisition of a Firearm), 922(m) (False Statements by a Licensed Dealer), as further described in the Affidavit of probable cause including:

1. Records concerning the sales or transfers of firearms or ammunition that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020 to the present, including FFL Acquisition and Disposition records, ATF Forms 4473, NICS inquiries and background checks, and any other records required by ATF to be maintained by FFLs, as well as any books, records, receipts, notes, ledgers, invoices, and any other documentation related to those sales or transfers of firearms or ammunition;

2. Records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition sold or transferred in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

3. Records of communications with or containing the names, telephone numbers, addresses, or other identifying information of known or suspected co-conspirators, known or suspected firearms traffickers, and any individuals involved in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

4. Records regarding the receipt, deposit, transfer, possession, transportation, or use of the proceeds of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present, including but not limited to account information, direct deposit confirmations, wire transfers, check stubs, use of PayPal or

other electronic money transfer services, check or money order purchase receipts, and receipts or documents regarding purchases of real or personal property;

5. Photographs, including still photos, negatives, slides, videotapes, and films, showing known or suspected co-conspirators, known or suspected firearms traffickers, or individuals involved in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present, as well as those that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

6. Up to $11,150 in U.S. currency, which represents money known to be paid in transactions detailed in the affidavit, which involved firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

7. Indicia of occupancy, residency, rental, ownership, or use of the **Subject Premises**, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

8. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

9. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media");

10. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

11. Any records and information found within the digital contents of any electronic storage media seized from the **Subject Premises**, including:

    a. Records concerning the sales or transfers of firearms or ammunition that are indicative of firearms trafficking, straw purchasing, or false

statements in ATF Forms from January 1, 2020 to the present, including FFL Acquisition and Disposition records, ATF Forms 4473, NICS inquiries and background checks, and any other records required by ATF to be maintained by FFLs, as well as any books, records, receipts, notes, ledgers, invoices, and any other documentation related to those sales or transfers of firearms or ammunition;

b. Records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition sold or transferred in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

c. Records containing the names, telephone numbers, addresses, or other identifying information of known or suspected co-conspirators, known or suspected firearms traffickers, and any individuals involved in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

d. Records regarding the receipt, deposit, transfer, possession, transportation, or use of the proceeds of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020 to the present, including but not limited to account information, account statements, direct deposit confirmations, wire transfers, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, and receipts or documents regarding purchases of real or personal property;

e. All photographs and videos showing known or suspected co-conspirators, known or suspected firearms traffickers, or individuals involved in transactions that are indicative of firearms trafficking, straw

3

purchasing, or false statements in ATF Forms from January 1, 2020, to the present, as well as those that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present;

f. Records of communications with known or suspected co-conspirators, known or suspected firearms traffickers, and any individuals involved in transactions that are indicative of firearms trafficking, straw purchasing, or false statements in ATF Forms from January 1, 2020, to the present, including but not limited to voice or video calls, voice, video, or text messages, e-mail, social media and social media messaging, and any other messaging applications;

g. any information recording schedule or travel;

h. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

i. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

j. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

k. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

4

l.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

m.  evidence of the times the electronic storage media were used;

n.  passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

o.  documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

p.  records of or information about Internet Protocol addresses used by the electronic storage media;

q.  records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

r.  contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

5

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.